UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

**FILED**

2004 JUN -1  P 2: 32

U.S. DISTRICT COURT
BRIDGEPORT, CONN

JERMAINE MURRAY,                    :
          Petitioner,               :
                                    :
vs.                                 :    **Civil No. 3:03CV957(WWE)**
                                    :
JOHN ASHCROFT, in his official capacity    :
as Attorney General of the United States; and    :
                                    :
EDUARDO AGUIRRE, in his official    :
capacity as Acting Director of the Bureau of    :
Citizenship and Immigration Services,    :    May 21, 2004
                                    :
          Respondents.               :

## PETITIONER'S REPLY BRIEF

In their response to petitioner's habeas petition, respondents' only substantive argument

is that in removal cases courts should limit the application of the doctrine of *res judicata* to

those cases where the respondent is a United States citizen.  Respondents attempt to distinguish

Medina v. Immigration and Naturalization Service, 993 F.2d 499 (5th Cir. 1993)[1] from the instant

case, suggesting that the respondent's status as a US citizen in Medina was the basis for the

court's decision.  In doing so, they quote a passage from the Medina decision which addresses

the value of US citizenship (Respondents' Response to Habeas Petition at 5).  However, the

Medina court's discussion of citizenship is not in the context of the application of *res judicata;*

rather the discussion relates to the court's recognition that removal proceedings will not lie where

---

[1] Petitioner certainly concedes that Medina v. Immigration and Naturalization Service, 993 F.2d 499, *reh'g denied,* 1 F.3d 315 (5th Circuit 1993), the principle case relied upon by petitioner, is not binding on this court.  Courts reviewing BIA decisions apply their own circuit's law, even if the decision, as here, is made in accordance with the law of other circuits.  Rosendo-Ramirez, 32 F.3d 1085, 1092 (7th Cir. 1994).  Petitioner has found no second circuit case law relevant to the issue presented here.

the respondent is "formally" recognized as a US citizen or is in possession of a US passport. [2] *Id.*

at 503. In denying the INS's Petition for Rehearing in <u>Medina</u>, the Fifth Circuit made it clear that

its decision in <u>Medina</u> was generally applicable in immigration cases:

> Few legal doctrines are more intrinsic or necessary in our system than res judicata. That doctrine, which provides that a valid and final judgement precludes a second suit between the same parties on the same claim or any part thereof, ensures that litigation will come to an end. Were we to accept the INS's arguments, we would carve out a large exception to this venerable doctrine, one that would allow the agency to eschew direct appeals - - either inadvertently, through error, or consciously as a strategic decision - - then, years later, collaterally attack decisions of immigration judges. The INS presents no persuasive argument or authority to convince us to take such a drastic step.

<u>Medina</u>, 1 F.3d 312, 313-14 ( 5th Cir. 1993).

Respectfully submitted,

Carroll L. Lucht
Jerome N. Frank Legal Services Organization
P. O. Box 209090
New Haven, CT   06520-9090
(203) 432-4800
Federal Bar Number  ct04360

---

[2] Courts citing <u>Medina</u> have not limited the holding in <u>Medina</u> to cases involving US citizens. (<u>See</u> *e.g.,* <u>Delgrado v. Ashcroft</u>, 184 F. Supp. 2d 227 (N.D. N.Y. 2002), *affm'd,* 2003 WL 1913508 (2d Cir. N.Y. , Apr. 17, 2003).

## CERTIFICATE OF SERVICE

On the 21st day of May, 2004, the foregoing Petitioner's Reply Brief was duly served upon defendants by mailing a copy thereof by first class mail to:

Lisa E. Perkins, AUSA
Office of United States Attorney
District of Connecticut
450 Main Street, Room 328
Hartford, CT 06103

_____
Carroll L. Lucht