```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT
```

                                                          FILED

                                                    2004 JUN -9 P 3:44

                                                     U.S. DISTRICT COURT
                                                      BRIDGEPORT, CONN

| | | |
|---|---|---|
| JERMAINE MURRAY, | : | 3:03cv957(WWE) |
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN ASHCROFT, ATTORNEY | : | |
| GENERAL, | : | |
| and EDUARDO AGUIRRE, ACTING | : | |
| DIRECTOR OF THE BUREAU OF | : | |
| CITIZENSHIP AND IMMIGRATION | : | |
| SERVICES, | : | |
|     Respondents. | : | |

### RULING ON PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Jermaine Murray filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. He is a lawful resident alien who is the subject of a removal order from the Bureau of Citizenship and Immigration Services, and is presently confined at the Federal Detention Center in Oakdale, Louisiana. For the following reasons, the petition will be granted.

### BACKGROUND

Petitioner is a native of Jamaica, who is a resident of Connecticut. He was convicted on August 31, 1999, in Connecticut Superior Court, of one count of criminal possession of marijuana. On March 10, 2000, he was convicted in Connecticut Superior Court of two counts of criminal possession of marijuana. In April, 2000, petitioner was found in violation of his probation terms and sentenced to six months incarceration.

On September 25, 2000, the INS in Hartford, Connecticut, took petitioner into custody for purposes of removal. Petitioner was thereafter transferred to the Federal Detention Center in Oakdale, Louisiana.

Removal proceedings were initiated against petitioner charging that he was removable under § 237(a)(2)(A)(iii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(iii), for having been convicted of an aggravated felony. This charge was based on only two of his marijuana convictions, although the third conviction was part of the record. On May 3, 2001, an immigration judge ordered petitioner removed to Jamaica based this charge. Petitioner appealed his removal order to the Board of Immigration Appeals ("BIA").

On April 11, 2002, the BIA sustained petitioner's appeal, finding that his two convictions for possession of marijuana did not constitute an aggravated felony.

Five days later on April 16, 2002, the INS then filed a new charge of removability against Murray on the ground that his marijuana possession convictions subjected him to removal under INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i) as controlled substance offenses. This charge was predicated upon the allegations forming the basis of the first proceedings and included his third conviction of marijuana possession.

An immigration judge ordered petitioner removed on the new charge, and denied petitioner's motion to terminate proceedings

based on <u>res judicata</u>.  The BIA thereafter affirmed the immigration judge's holding.

Petitioner is now subject to a final order of removal, and his removal has been stayed pending this Court's review of the merits of his petition.

## DISCUSSION

Petitioner invokes the doctrine of <u>res judicata</u> in bringing this petition for relief from deportation.  Specifically, petitioner asserts that the INS' second charge of removability pursuant to INA § 237(a)(2)(b)(i), 8 U.S.C. § 1227(a)(2)(B)(i) is barred by <u>res judicata</u>, and therefore the order of removal based on that charge is contrary to law.

Under the doctrine of <u>res judicata</u>, a judgment on the merits in a prior suit bars a suit involving the same parties based on the same cause of action.  <u>Semteck Int'l Inc. v. Lockheed Martin Corp.</u>, 531 U.S. 497, 502 (2001).  In determining whether an action is barred by <u>res judicata</u>, it must first be determined that the second suit involves the same "claim" or "nucleus of operative fact" as the first suit.  <u>Waldman v. Village of Kiryas Joel</u>, 207 F. 3d 105, 108 (2d Cir. 2000).  Three indicia are crucial to the determination of whether this doctrinal bar applies:  1) whether the underlying facts are related in time, space, origin, or motivation, (2) whether they form a convenient trial unit, and (3) whether their treatment as a unit conforms to the parties' expectations.  <u>Interoceanica Corp. v. Sound Pilots,</u>

Inc., 107 F. 3d 86, 90 (2d Cir. 1997).

The doctrine applies equally in the context of immigration proceedings. <u>Medina v. INS</u>, 993 F. 2d 499, 503-4 (5th Cir. 1993)(applying <u>res judicata</u> to final, valid judgments of the BIA). As the Fifth Circuit stated:

> Few legal doctrines are more intrinsic or necessary in our system than res judicata. That doctrine, which provides that a valid and final judgment precludes a second suit between the same parties on the same claim or any part thereof, ensures that litigation will come to an end.

<u>Medina v. INS</u>, 1 F. 3d 312, 313 (5th Cir. 1993).

Respondents argue that <u>res judicata</u> should not apply to immigration removal proceedings involving a criminal alien. However, as <u>Medina</u> warns, carving out a large exception to the <u>res judicata</u> doctrine "would allow the agency to eschew direct appeal-either inadvertently, through error, or consciously as a strategic decision-then years later, collaterally attack decisions of immigration judges."

The Court finds that no exception to the <u>res judicata</u> doctrine is warranted in this context. <u>Res judicata</u> applies to immigration removal proceedings. Here, the second charge is based on same nucleus of operative facts that were known or should have been known when the removal charge based on conviction of an aggravated felony was brought at the first proceeding. All of the facts concerning his drug convictions are related in time, origin and motivation. These underlying facts form a convenient unit for adjudication. Further, it conforms to

party expectations that all of the charges against petitioner based on these underlying facts should be resolved in one adjudication.

Accordingly, the second charge of removability, which could have been brought in the prior proceeding, was barred by <u>res judicata</u>. Thus, the order of removal is invalid. The Court will grant the petition for habeas corpus relief.

## CONCLUSION

For the foregoing reasons, the petition for habeas corpus relief is GRANTED. The court finds that the order of removal is contrary to law. Respondents are ordered to vacate petitioner's final order of removal.

The Court remands this matter to the BIA, with instructions to issue an order terminating the proceedings in this matter.

Petitioner is instructed to file a motion for attorneys' fees with supporting memorandum within 30 days of this ruling's filing date.

So Ordered this 9th day of June at Bridgeport, Connecticut.

_____
WARREN W. EGINTON, SENIOR UNITED STATES DISTRICT JUDGE